May it please the court, good morning your honors. My name is Theodore Minch and I represent Mr. John Guevara in this matter of the appellant. Mr. Guevara was sentenced to 211 months on July 13, 2016 in the Southern District of Indiana. That was based upon his guilty plea to count one which was possession of methamphetamine and count two, possession of a firearm and furtherance of a drug trafficking crime. Those sentences were to be run consecutively again for 211 months. The only issue we've raised narrowly here on appeal is whether the two level enhancement the court found under 2D1.1B12 should be sustained. Could you address the scope of the appellate waiver in his plea? I did not address this. Could you? Could I? Yes. I could, your honor. I was Mr. Guevara's trial counsel. There was an appellate waiver. That appellate waiver was included in the plea agreement that Mr. Guevara had executed. Mr. Guevara filed his notice of appeal, actually he filed two notices of appeal, one of which we dismissed. That was the second notice of appeal. He filed those notices pro se and sought to proceed with his appeal in this matter. Do you see any basis for us to overlook the waiver? Your honor, I do agree with the government's submission in their response where they cite that there are two ways to get around waiver. One is if the appellant is asking for a release from the plea, which Mr. Guevara is not, and whether or not Mr. Guevara has raised ineffective assistance to counsel in the negotiation of the plea. Again, Mr. Guevara has not. So why are you here? Well we persisted, your honor, in litigating Mr. Guevara's appeal on his behalf pro se. I was appointed counsel for Mr. Guevara. We briefed the issues and the narrow issue that we sought this court's instruction on was the two level enhancements cited. But if you agree the plea, the appeal waiver is valid. We can't address the merits and we have to dismiss the appeal. I can't concede that the waiver was necessarily valid. It places me in a circumstance where if I did do so, I may be foreclosing, in my opinion, Mr. Guevara's rights down the road to challenge my effectiveness as his counsel. But you're not challenging the appeal waiver. You're not looking to overturn it on any grounds. No, your honor. Respectfully not. Then we have to dismiss the appeal without addressing the merits. Probably right. How old is Mr. Guevara? You mentioned there were references to his age. Mr. Guevara is mid-fifties, your honor. He was sentenced, again, to under 11 months. In the record, there was a citation of some mental health and physical health issues that he'd had. That was the primary scope, if you will, of our argument on sentencing. Okay. Thank you. Thank you, your honor. Thank you, your honors. Okay. Thank you, Mr. Mench. Mr. Reitz? May it please the court, Brian Reitz for the government. I think as we've heard today, the appellate waiver clearly covers this argument, and there's no typical exception as to why it would not encompass the claims that Mr. Guevara has made on appeal. So if there are no further questions, the government would be happy to rest on that. Okay. Well, thank you very much to both counsel.